UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZION CHEN, | Civ. No. 12-3051 (JAP) |
| Plaintiff | |
| v. | |
| | **OPINION** |
| DAVID CLINE, et al. | |
| Defendant. | |

PISANO, District Judge.

In this action Plaintiff Zion Chen accuses defendants of fraud, negligent misrepresentation, breach of fiduciary duty as well as other common law and statutory causes of action for their role in promoting, marketing and selling an employee benefit plan that the Internal Revenue Service ultimately determined constituted a listed transaction. Presently before the Court are two motions. First, defendant Republic Bank & Trust ("Republic") seeks dismissal of the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Second, defendant Aviva Life and Annuity Company ("Aviva") asks the Court to stay the proceedings pending certain decisions in an adversary proceeding pending in the United States Bankruptcy Court for the Western District of Oklahoma. For the reasons below, the Court grants both of the motions.

**I. BACKGROUND**

The complaint in this action alleges that defendants developed and marketed a multiple employer welfare benefit plan made up of individual welfare benefit plans known as the "Millennium Plan." The Millennium Plan purportedly was designed to comply with 26 U.S.C. § 419A(f)(6), a tax code provision that exempts "10–or–more–employer plans" from limitations on

employers' deductions for contributions to employee welfare benefit plans and, thus, allegedly offered deductibility of contributions in appropriate circumstances. According to Plaintiff, however, the Millennium Plan was a life insurance sales "scheme" that was "disguised" as a multiple employer benefit plan under § 419A(f)(6). Compl. ¶ 15.

According to the complaint, the Millennium Plan was formed in 2002. *Id.* at ¶ 30. It appears[1] that the purpose of the plan was to provide welfare benefits to eligible employees of covered employers. The assets of the plan were held in trust, and Republic was named Trustee. *Id.* at 34.

In 2004, the founders of the Millennium Plan requested a ruling from the Internal Revenue Service ("IRS") with respect to the plan's validity as a § 419A(f)(6) plan. *Id.* at ¶ 40. The IRS ultimately issued a ruling that concluded the plan was not compliant with §419A. *Id.*

In 2010, the Millennium Plan filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Oklahoma. *See In re: Millennium Multiple Employer Welfare Benefit Plan*, Case No. 10-13528. The plan's liquidation plan was confirmed by the Bankruptcy Court on June 16, 2011.

Plaintiff's involvement in the Millennium Plan began with his investment in a similar plan call "Xelan." *Id.* at 49. Plaintiff was introduced to this plan by defendant David Cline in the mid-1990s. *Id.* Cline allegedly told Plaintiff that the Xelan plan was a "retirement plan" with no limits on pre-tax contributions that could later be withdrawn "tax free." *Id.* A life insurance policy was used to fund the plan. *Id.*

According to Plaintiff, in July 2002 the United States Treasury Department issued proposed regulations for welfare benefit plans under 419A(f)(6) and by later that year Cline

---

[1] The Court has endeavored to extract the facts from a lengthy but inartfully drafted complaint that at times is longer on rhetoric than it is on relevant facts.

2

became aware that the Xelan plan would not satisfy these proposed regulations.  *Id.* at 50.  At some point thereafter the Xelan plan was terminated.  *Id.*  The life insurance policies in the Xelan plan were then transferred to the Millennium Plan.  *Id.*  Plaintiff alleges that the money he invested in Xelan was transferred into the Millennium Plan without his knowledge.  *Id.* at 49.

Without specifying to which plan he made the contribution, Plaintiff alleges that he "ultimately contributed more than $660,000 through year end 2005."  *Id.* at 51.  Plaintiff further states that in 2005, he met with Cline regarding the possibility of investing in the Millennium Plan.  *Id.* at 52.  He contends that Cline presented him with allegedly misleading data and false information about the Millennium Plan, stating that that it was a "retirement plan" into which Plaintiff could invest and withdraw money tax-free.  *Id.*  Cline also allegedly told Plaintiff that the returns on money in the plan would be "significantly more than what could reasonably be expected" from investing in the stock market.  Based on these representations, Plaintiff made three payments "per year"[2] of $300,000 each; investing a total of $900,000 into the Millennium Plan.  By letter dated September 6, 2011, Plaintiff was advised by the Millennium Liquidation Trustee that, under the liquidation plan, Plaintiff would receive "over time" a "Net Life Benefit" of $703,004.52.

## II.  ANALYSIS

A.  Republic's Motion to Dismiss

1.  Legal Standards

Republic brings its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging the Plaintiff's complaint fails to state a claim upon which relief can be granted.  The Supreme Court explained the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929

---

[2] It is unclear from the complaint to which years Plaintiff is referring.

(2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

The Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Consequently, when evaluating a motion to dismiss for failure to state a claim, district courts conduct a multi-part analysis.

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. *Iqbal*, 556 U.S. at 678.  A plaintiff may not be required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (3d Cir. 2009).

Republic also contends that Plaintiff's fraud-based claims must be dismissed because the claims lack the particularity required by the federal rules.  Under Rule 9(b), where a complaint alleges "fraud or mistake," a plaintiff must describe "with particularity" the circumstances that constitute the fraud or mistake.  Fed.R.Civ.P. 9(b).  Generally speaking, "Rule 9(b) serves to give defendants notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir.2006) (alterations in original) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.1997)).  The rule requires a plaintiff to plead with particularity the facts supporting the elements of fraud. *Id.*  Thus, in order to successfully plead fraud under Rule 9(b), a plaintiff must offer "some precision and some measure of substantiation." *Gutman v. Howard Sav. Bank*, 748 F.Supp. 254, 257 (D.N.J. 1990).  A plaintiff may satisfy the rule's requirement "by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some

5

measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (quotations omitted). A plaintiff also must allege "who made a misrepresentation to whom and the general content of the misrepresentation." *Id.*

2. Republic's Motion

The complaint asserts claims against defendants for fraud, negligent representation, fraudulent inducement, civil conspiracy, imposition of a constructive trust, deceptive trade practices in violation of "the New Jersey Insurance Code" and the "Deceptive Trade Practices Act,"[3] breach of fiduciary duty, unjust enrichment, money had and received, and fraudulent concealment. Most counts are asserted against all "defendants" generally. The Court finds, however, that Plaintiff's complaint fails to state a claim against Republic as to any of the aforementioned causes of action.[4]

One has to comb carefully through Plaintiff's 51-page complaint to find the factual allegations against Republic, whose name is barely mentioned. The complaint identifies Republic as the trustee of the Millennium Plan, and claims in a conclusory fashsion that Republic "assist[ed] in confiscating the fraud victims' money." Compl. ¶ 34. It alleges that although the operative trust agreement "impose[d] certain fiduciary obligations" on Republic, Republic "refuse[d] to as [sic] a trustee with fiduciary responsibilities but instead just carrie[d] out the directions'" of the non-party founders of the Millennium Plan and the "Plan Committee." *Id.* at ¶ 35. It also alleges in a single sentence that Republic conspired "sometime in 2002" to transfer

---

[3] Plaintiff has not cited to any particular statutes.

[4] In addition to the arguments addressed below, Republic contends that Plaintiff's claims are time-barred. However, Republic's argument in this regard relies upon materials outside of the pleadings to show when Plaintiff's claim allegedly accrued and, consequently, cannot be considered by the Court on a 12(b)(6) motion. A statute of limitations defense may only be raised in a 12(b)(6) motion "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir.1994); *see also Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the [statute of limitations] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).").

Plaintiff's funds from the Xelan plan to the Millennium Plan with Cline and a number of other non-parties, but does not specify Republic's actions or role in that alleged conspiratorial transfer. *Id.* at 49.  Indeed, factual assertions regarding specific acts on the part of Republic are few and far between.

Turning first to Plaintiff's fraud-based claims, the Court finds the allegations in the complaint not only fall far short of the heightened pleading standard required by Rule 9(b), but they fail to state a claim upon which relief can be granted.  To assert a claim for fraud under New Jersey law, a plaintiff must establish: (1) a material misrepresentation by the defendant of a presently existing fact or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intent that the plaintiff rely on the statement; (4) reasonable reliance by the plaintiff; and (4) resulting damages. *Marino v. Marino*, 200 N.J. 315, 341, 981 A.2d 855 (2009).  Plaintiff fails to allege facts that support these elements.  He does not, for example, meet the threshold requirement of alleging that Republic made any material misrepresentation of a presently existing fact or past fact.  Furthermore, the pleadings do not put Republic on notice of its claim misconduct and fail to allege the "who what where when and how" of the purported fraud on the part of Republic as required by Rule 9(b).  *See In re Great Atlantic & Pacific Tea Co., Inc. Sec. Litig.*, 103 Fed. Appx. 465, 469–470 (2004).  Consequently, Plaintiff's fraud-based claims, Counts One, Three and Nine are dismissed as to Republic pursuant to Rule 12(b)(6) and 9(b).

For reasons similar to the failure of his fraud claims, Plaintiff's negligent misrepresentation claim also cannot stand against Republic.  To state a claim for negligent misrepresentation, a plaintiff must show "[a]n incorrect statement, negligently made and justifiably relied on," proximately causing an economic loss. Konover *Constr. Corp. v. E. Coast Constr. Servs. Corp.*, 420 F.Supp.2d 366, 370 (D.N.J. 2006).  The complaint does not allege that

Republic made any incorrect assertions to Plaintiff, negligent or otherwise. Therefore, Count Two, Plaintiff's negligent misrepresentation claim, is dismissed as to Republic.

Plaintiff's Fifth Count, which is simply labeled "Count," is for civil conspiracy. This Count alleges that "Defendants" conspired to market and sell "unreported 419A plans" and failed to "disclos[e] the known risks associated with such arrangements." Compl. ¶ 74. "A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 876 A.2d 253, (N.J.2005) (quoting *Morgan v. Union Cnty. Bd. of Chosen Freeholders*, 268 N.J. Super. 337, 633 A.2d 985, 998 (App. Div. 1993)). Here, the Court cannot infer from the scant factual allegations with respect to Republic's actions that Republic, by acting as Trustee of the Millennium Plan, was involved in an agreement with others to defraud Plaintiff. Overall, the facts pled are insufficient to state a claim against Republic for civil conspiracy and, therefore, Plaintiff's civil conspiracy claim is dismissed as to Republic.

In Count Six Plaintiff vaguely alleges that "Defendants" committed actions that violated "statutory sections of the New Jersey Insurance Code" and the "Deceptive Trade Practices Act." This Count fails against Republic for a number of reasons. First, the complaint does not identify which defendants engaged in what actions, and there is nothing in this Count that is specifically directed at Republic. Second, Plaintiff does not specify which section of New Jersey's Insurance Code defendants allegedly violated or what acts constituted Republic's alleged violation and, as such, does not permit Republic to undertake an adequate defense. The only specific citation in

this Count is "Article 541.152"[5] of the "New Jersey Insurance Code," and there is no such section.  Third, New Jersey has not adopted the Uniform Deceptive Trade Practices Act, so it is unclear what statute Plaintiff is referring to when he references that Act.  As a result of these deficiencies, the Court finds that Count Six fails and, accordingly, is dismissed as to Republic.

Plaintiff's seventh Count is for breach of fiduciary duty.  The facts alleged in that Count appear to be directed to the actions of defendants Cline, Indianapolis Life Insurance Company and American General Life Insurance Company.  To the extent that this claim purports to be directed to Republic, its allegations are too vague to support such a claim and, therefore, Count Seven is dismissed as to Republic.

Next, in order for Plaintiff to establish a claim for unjust enrichment/money had and received[6] as brought in Count Eight, he must show that "defendant(s) received a benefit and that retention of that benefit without payment would be unjust."  *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519 (1994).  The claim "requires that [a] plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."  *Id.*  Here, Plaintiff's three-sentence unjust enrichment claim in Count 8 (parts A and B) does little more than allege that "Defendants" obtained money from Plaintiff by the purported fraud described in the complaint.  It does not state a claim for unjust enrichment against Republic and, therefore, is dismissed as to Republic.

---

[5] This is a section that exists in the Texas Insurance Code.  Given that Texas also has a "Deceptive Trade Practices Act" and Count Six also cites to a Texas code section related to that Act, it appears that the language of Count Six may have been derived from a Texas lawsuit and Plaintiff forgot to remove or edit these references.

[6] Count Eight of the complaint purports to alleged claims for "unjust enrichment" and "money had and received."  Courts have treated claims for "unjust enrichment" and "money had and received" as essentially the same claim.  *See*, *e.g.*, *New York Pipeline Mechanical Contractors, LLC v. Sabema Plumbing & Heating Co., Inc.*, No. 10-148, 2012 WL 209349 at *2 n.2 (D.N.J. January 24, 2012).  Therefore, for simplicity, the Court here will refer to the claims in "Count VIII" as "unjust enrichment."

Finally, the complaint contains a count, Count Four, that purports to state a cause of action for "constructive trust." "A constructive trust is an equitable remedy and not a cause of action in and of itself." *Nissen v. Rozsa*, No. 08-5563 2011 WL 2517134, at *8 (D.N.J. June 23, 2011) (citing *Flanigan v. Munson*, 175 N.J. 597, 818 A.2d 1275, 1281 (2003) and *Bergen–Eastern Pension Trust v. Sorensen*, No. BER–L–7669–03, 2007 WL 283440, at *2 n. 3 (N.J. Super. Ct. App. Div. Jan 11, 2007). Because constructive trust is a remedy and not an independent cause of action, Count Four is dismissed.

The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Therefore, the Court's dismissal shall be without prejudice so as to allow Plaintiff to file an amended complaint to cure, if possible, any of the deficiencies identified in this Opinion.[7]

B.  Aviva's Motion to Stay

On March 17, 2011, the Millennium Plan initiated an adversary action in the United States Bankruptcy Court for the Western District of Oklahoma against Aviva. *Millennium Multiple Employer Welfare Benefit Plan v. Aviva Life and Annuity Co.*, Adv. No. 11-1038 (W.D. Okl. Br.). The plan sought an order pursuant to 11 U.S.C § 542(a) directing Aviva to turn over the cash surrender value of all Aviva life insurance policies issued to the Millennium Plan insuring the lives of its participants, including Plaintiff Zion Chen. Lesko Cert. Ex. 1. In response, Aviva filed an action in the nature of interpleader, naming the Millennium Plan as a counterclaim defendant and the plan's participants, including Plaintiff, as third-party defendants. *Id.* Ex. 2. Aviva sought this relief "to protect [itself] from exposure to double or multiple

---

[7] In light of the Court's decision granting Aviva's motion to stay the matter, Plaintiff may file an amended complaint only if and when the stay is lifted and pending further order of this Court.

liabilities and multiple and vexatious litigation arising from the adverse, competing claims and potential claims of the [Millennium Plan] … acting on behalf of Plan participants, on the one hand, and the adverse, competing individual claims and potential claims of the [third-party defendant plan participants] … on the other hand." *Id.*

Plaintiff was served with the Oklahoma federal court's action on April 11, 2011, but failed to respond. *Id.* Ex. 3. Default was entered against Plaintiff on July 5, 2011. *Id.* Ex. 4. Aviva then moved for default judgment, seeking, among other things, "all injunctive relief authorized by the Federal Interpleader Act (28 U.S.C. § § 1335, 1397 & 2361) … to adjudicate, *inter alia*, with finality and conclusiveness any adverse or potentially adverse claims of Third-Party Defendant Zion H. Chen, D.D.S. … arising out of or relating to" the life insurance policy insuring his life which Aviva's predecessor in interest, Indianapolis Life Insurance Company, issued to the Millennium Plan. *Id.* at p. 2, ¶ 1.

In April of 2012, Aviva entered into a settlement agreement with the Millennium Plan and 35 of the third-party defendants and, in conjunction with that settlement, filed a motion in June 2012 seeking final interpleader relief as to all the remaining claims, including those as to Plaintiff. That motion has been heard but not yet decided by the Oklahoma court. Aviva seeks a stay of this action pending that decision and the decision on its motion for default judgment.

Plaintiff makes two arguments in opposition to the motion. First, he claims to have "opted out" of the Oklahoma bankruptcy action. There appears to be no dispute, however, that Plaintiff was properly served in that action. Second, Plaintiff argues that Aviva is not an innocent stakeholder, and that interpleader relief should not be granted if the stakeholder may be independently liable to the claimant. This, however, is an argument that should be directed to the Oklahoma court.

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  Given that the decision in the Oklahoma action may bar Plaintiff from continuing to pursue his claims in this case, the Court finds that the interests of judicial efficiency, economy and fairness to the parties would be promoted by staying this matter pending that decision.

### III.  CONCLUSION

For the reasons above, Republic's motion to dismiss is granted and Plaintiff's claims against Republic are dismissed without prejudice.  Aviva's motion to stay is granted.  An appropriate Order accompanies this Opinion.

     /s/ JOEL A. PISANO
United States District Judge

Dated:  February 27, 2013